# EXHIBIT B

8/16/2022 7:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67364571
By: Taiasha Bradford
Filed: 8/16/2022 7:36 PM

CAUSE NO. _____

DELIVERED AUG 1 9 2022

| | | |
|---|---|---|
| **HELYN MARTINEZ** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA MART, L.L.C.** | § | |
| *Defendant.* | § | \_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Helyn Martinez (hereinafter, "Plaintiff"), and files this Original Petition complaining of and against Fiesta Mart, L.L.C. (hereinafter, "Defendant"), and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

Plaintiff, Helyn Martinez, is an individual residing in Harris County, Texas.

Defendant is a Texas corporation. Defendant may be served with process by and through its Registered Agent for Service: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201, or wherever it may be found. Service on Defendant is hereby requested at this time.

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in

controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

## IV. FACTUAL BACKGROUND

On or about, May 9, 2021, Plaintiff was an invitee grocery shopping on the premises of a Fiesta Mart grocery store located at 7510 Belfort Avenue Houston, TX 77061 in Harris County, Texas. At the time of the incident, this store was owned, controlled, and/or operated by Defendant.

At the time of the incident, Plaintiff was in the produce section when suddenly, Plaintiff slipped and fell on a slippery substance causing Plaintiff to land on her knee with her right leg out in front of her. Plaintiff suffered serious and painful bodily injuries as a result of this incident.

There were no signs posted near the slippery substance as to warn invitees such as Plaintiff of the unreasonably dangerous condition posed by the slippery substance on the floor.

## V. NEGLIGENCE OF DEFENDANT

Because Plaintiff was on Defendant's premises to shop for groceries, she was an invitee at the time of the incident. The slippery substance was located inside of Defendant's premises and posed an unreasonable risk of harm to its business patrons such as Plaintiff. Defendant knew or reasonably should have known of the danger posed by the slippery substance on its premises. Defendant owed a duty to its invitees, such as Plaintiff, to exercise ordinary care to keep its premises in a reasonably safe condition. Defendant breached its duty of ordinary care to Plaintiff in one or more of the following particulars:

- a. In creating the unreasonably dangerous condition through its agents or employees by having a slippery substance on the floor in an area open to invitees;
- b. In failing to place caution signs near the unreasonably dangerous condition to warn invitees, such as Plaintiff, of the slippery substance in an area open to invitees;
- c. In failing to verbally warn invitees, such as Plaintiff, of the slippery substance on the floor;
- d. In failing to place any barriers in the area of the slippery substance to prevent invitees, such as Plaintiff, from unwittingly being exposed to the unreasonable

        danger of a slippery floor;

e.    In failing to make the condition reasonably safe by removing slippery substances from the open area; and

f.    In failing to properly inspect and maintain its premises.

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused Plaintiff's fall and her resulting injuries and damages.

## VI. DAMAGES

Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish and physical impairment, and in reasonable probability will continue to suffer physical pain, mental anguish and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past, and in reasonable probability will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

## VII. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## VIII. REQUIRED DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## IX. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## X. RULE 193.7 NOTICE

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against her during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## XI. DESIGNATED E-SERVICE EMAIL ADDRESS

The following are the undersigned attorney's designation of electronic service email addresses for all electronically served documents and notices, filed and unfiled, pursuant of Tex. R Civ. P, 21(a) and 21(f)(2). (csalvato@millerweisbrod.com & babrego@millerweisbrod.com). These are the ONLY electronic service email addresses, and service through any other email address will be considered invalid.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, Plaintiff recover actual damages as specified above from Defendant, plus costs of Court, pre-judgment and

post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway
Houston, Texas 77034
Telephone: (713) 349-1500
Facsimile: (713) 432-7785

*/s/ Carlo F. Salvato III*
Carlo F. Salvato III
State Bar No.: 24117012
csalvato@millerweisbrod.com

ATTORNEY FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carlo Salvato on behalf of Carlo Salvato
Bar No. 24117012
csalvato@millerweisbrod.com
Envelope ID: 67364571
Status as of 8/17/2022 9:10 AM CST

Associated Case Party: Helyn Martinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlo Salvato | | csalvato@millerweisbrod.com | 8/16/2022 7:36:20 PM | SENT |
| Edward Torres | | etorres@millerweisbrod.com | 8/16/2022 7:36:20 PM | SENT |

Case 4:22-cv-03184   Document 1-2   Filed on 09/16/22 in TXSD   Page 8 of 11

9/12/2022 3:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68167554
By: Joshua Herrington
Filed: 9/12/2022 3:17 PM

CAUSE NO.: 2022-50716

| | | |
|---|---|---|
| HELYN MARTINEZ | § § § | IN THE DISTRICT COURT |
| v. | § § § | HARRIS COUNTY, TEXAS |
| FIESTA MART, L.L.C. | § § § | 269TH JUDICIAL DISTRICT |

### DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition and in support thereof, would respectfully show the Court the following:

### I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II. Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC, respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART, LLC, and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:
    a. Costs of suit; and

    b.  Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEY FOR DEFENDANT
FIESTA MART, LLC.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on September 12, 2022, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 68167554
Status as of 9/12/2022 3:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Carlo Salvato | | csalvato@millerweisbrod.com | 9/12/2022 3:17:02 PM | SENT |
| Edward Torres | | etorres@millerweisbrod.com | 9/12/2022 3:17:02 PM | SENT |
| Jodie Bass | | JodieBass@MehaffyWeber.com | 9/12/2022 3:17:02 PM | SENT |
| Will Thorne | | WilliamThorne@mehaffyweber.com | 9/12/2022 3:17:02 PM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 9/12/2022 3:17:02 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 9/12/2022 3:17:02 PM | SENT |
| Carmen Garcia | | edocket@mehaffyweber.com | 9/12/2022 3:17:02 PM | SENT |